UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**04-CV-0607**

DETROY LIVINGSTON,
        Plaintiff,

-against-

PRISONER CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983.

P. GRIFFIN, correction captain,
State of New York Department of
Correctional Services (DOCS);
DONALD SELSKY, Director of Special
Housing for DOCS; R. LEE, correction
officer(C.O.); S. HURTEAU, C.O.;
S. GAWLICKY, C.O.: LEFRANCE, sergeant
of DOCS; M. FOSTER, C.O.; D. ABAIR,
C.O.; S. SALLS, sergeant of DOCS;
J. BOUYEA, C.O.

Docket No.



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 27 2004
Lawrence K. Baerman, Clerk - Syracuse

Jury Trial Demanded

NAM / GHL

## JURISDICTION

1. This is a civil rights action filed by Plaintiff, Detroy Livingston, a New York State prisoner. Plaintiff is proceeding pro se and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331, 1343 (3) and (4), and 2201, to obtain costs of suit, including reasonable attorney fees, and for damages suffered by Plaintiff and caused by defendants' violation of his rights as guarnteed in the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Federal laws, particularly 42 U.S.C. §1983. Plaintiff further invokes this Court's State Law Claim pendent jurisdiction to consider his assault and negligence claims.

## VENUE

2. The violation of Plaintiff's rights as alleged herein was committed within the State of New York, in the Counties of Greene, Franklin, Cayuga

and Albany. Accordingly, venue properly lies in the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §1391.

## DEMAND FOR TRIAL BY JURY

3. Pursuant to the Seventh Amendment to the United States Constitution, Plaintiff respectfully demand a trial by an impartial jury to be held in the United States District Court for the Northern District of New York, located in Syracuse, New York.

## PARTIES

4. Plaintiff, Detroy Livingston, is a citizen of the United States of America and was at all times relevant herein a prisoner of the State of New York Department of Correctional Services, (herein DOCS) incarcerated at Coxsackie Correctional Facility (C.F.), located within the County of Greene, at Route 9W., Box 200, Coxsackie, N.Y. 12051; Upstate C.F., located within County of Franklin, at Bare Hill Road, Box 2000, Malone, N.Y. 12953; Auburn C.F., located within the County of Cayuga, at 135 State Street, Box 618, Auburn, N.Y. 12953.

5. Defendant P. Griffin, was at all times relevant herein a correction captain at Coxsackie C.F. for DOCS as such he was designated as a hearing officer to conduct a Superintendent hearing according to established procedural guidelines and Plaintiff's substantive rights.

6. Defendant Donald Selsky, was at all times relevant herein the Director of Special Housing for DOCS, as such he was responsible for adjudicating Plaintiff's Superintendent hearing appeal.

2

7. Defendant R. Lee, was at all times relevant herein a correction officer at Upstate C.F. for DOCS, as such he was charged with the care and control of inmates in a manner consistent with State law and the Constitution of the United States.

8. Defendant S. Hurteau, was at all times relevant herein a correction officer at UpstateC.F. for DOCS, as such he was charged with the care and control of inmates in a manner consistent with State law and the Constitution of the United States.

9. Defendant S. Gawlicky, was at all times relevant herein a correction officer at Auburn C.F. for DOCS, as such she was charged with the care and control of inmates in a manner consistent with State law and the Constitution of the United States.

10. Defendant LeFrance, was at all times relevant herein a correction sergeant at Upste C.F. for DOCS, as such he was charged with the care and control of inmates in a manner consistent with State law and the Constitution of the United States, he was also responsible for supervising correction officers of lesser rank.

11. Defendant M. Foster, was at all times relevant herein a correction officer at Upstate C.F. for DOCS, as such he was charged with the care nad control of inmates in a manner consistent with State law and the Constitution of the United States.

12. Defendant D. Abair, was at all times relevant herein a correction officer at Upstate C.F. for DOCS, as such he was charged with the care and control of inmates in a manner consistent with State law and the Constitution of the United States.

13. Defendant S. Salls, was at all timesrelevant herein a correction sergeant at Upstate C.F. for DOCS, as such he was charged with

the care and control of inmates in amanner consistent with State law and Constitution of the United States, he was also responsible for supervising correction officers of lesser rank.

14. Defendant J. Bouyea, was at all times relevant herein a correction officer at Upstate C.F. for DOCS, as such he was charged with the care and control of inmates in a manner consistent with State law and the Constitution of the United States.

15. At all times relevant to this action, the defendants were employees of the State of New York, acting under the color of State law.

16. Each of the defendants herein are being sued in their individual capacity.

17. All facts herein that were grievable was presented to the grievance programs and exhausted to the CORC, which returned a unfavorable response.

## COUNT ONE

18. On November 27, 2001 Plaintiff was served with a copy of a Tier III misbehavior report fabricated by c.o. T. Notabartolo to justify assaulting Plaintiff on November 26, 2001.

19. A Superintendent hearing was commenced on November 30, 2001 by defendant P. Griffin.

20. On November 30, 2001 Plaintiff informed defendant P. Griffin that he wanted to call all the c.o's as witnesses that responded to the incident because he did not know their names.

4

21. Defendant P. Griffin failed to call but four of the c.o's that responded to the incident.

22. There was over ten c.o's that responded to the November 26, 2001 incident.

23. C.O. Keller witnessed part of the incident and he gave defendant P. Griffin the name of another c.o. that responded to the incident during a off-the-record testimony which Plaintiff over heard.

24. When Plaintiff requested the c.o. whose name c.o.Keller gave to defendant P. Griffin to be call as a witness he refused to call him or disclose the name.

25. Defendant P. Griffin's off-the-record testimony violated Title 7 NYCRR §254.6(b).

26. Defendant P. Griffin denied Plaintiff the injury report of c.o. T. Notabartolo concerning the November 26, 2001 incident.

27. Defendant P. Griffin denied Plaintiff the institution doctor as a witness at the hearing.

28. Defendant P. Griffin did not personally ascertain whether inmate Shabazz in fact refused to testify at the hearing, and place his findings on the record.

29. Defendant P. Griffin did not furnish Plaintiff with any of the forms to explain the refusal of witnesses, refusal to testify, nor denial of documentary evidence.

30. Defendant P. Griffin refused Plaintiff the Unusual incident report, and accident reports eventhough he promised that he will.

31. Defendant P. Griffin knowingly used a defective tape recorder

which did not clearly record Plaintiff's objections and conclusions.

32. Defendant P.Griffin found Plaintiff "guilty" of the misbehavior report and sentenced him to three years punitive confinement, with loss of all privileges.

### FIRST CAUSE OF ACTION

33. The acts and omissions of defendant P.Griffin set forth in paragraphs 18-32 herein of failing to call witnesses, operated to deprive Plaintiff of liberty without procedural and substantive due process of law in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution.

### SECOND CAUSE OF ACTION

34. Defendant P.Griffin's off-therecord taking of c.o.Keller's testimony operated to deprive Plaintiff of liberty without procedural and substantive due process of law in violation of the Sixth and fourteenth Amendments to the U.S. Constitution.

### THIRD CAUSE OF ACTION

35. Defendant P.Griffin's denial of forms to explain the refusal of witnesses, refusal to testify, incident reports, accident reports, injury reports, operated to deprive Plaintiff of liberty without procedural and substantive due process of law in violation of Sixth and fourteenth Amendments to the U.S. Constitution.

### FOURTH CAUSE OF ACTION

6

36. Defendant P.Griffin's deliberate use of a defective tape recorder denied Plaintiff of an opportunity to litigate before a neutral and impartial hearing officer deprived him of liberty without procedural and substantive due process of law in violation of Sixth and Fourteenth Amendments to the U.S. Constitution.

## SECOND COUNT

37. Plaintiff submitted his appeal of the Superintendent hearing dated December 25 and 31, 2001 to defendant Donald Selsky.

38. Defendant D. Selsky modified, but failed to take corrective measures on appeal to remedy the due process violations committed by defendant P.Griffin during the course of the Superintendent hearing.

## FIFTH CAUSE OF ACTION

39. Defendant D. Selsky actions, modifying the Tier III disposition from three years to one year, but affirming Plaintiff's finding of guilt notwithstanding the due process violations, is the proximate cause of Plaintiff's punitive confinement for 365 days, with attendant loss of all privileges, operated to deprive Plaintiff of his liberty without procedural and substantive due process of law in violation of the Sixth and Fourteenth Amendments to the U.S. constitution.

## THIRD COUNT

40. Defendant R. Lee on the 15th,16th, 17th, 21st, and 29th days of the month of July of 2002, knowingly, intentionally, and deliberately

gave Plaintiff a food tray with unknown drugs mixed in the food.

41. Each time Plaintiff ate the food defendant R.Lee gave him the drugs made him dizzy, lightheaded, disorientated, sleepy, and rendered unconscious.

42. At no time did Plaintiff consent to have drugs planted in his food by defendant R.Lee, or anyone else.

43. At no time did a doctor authorize drugs to be put in PLaintiff's food by defendant R.Lee or anyone else.

44. Defendant R.Lee knowingly and deliberately poisoned Plaintiff food with unknown drugs in retaliation to grievances and complaints that was filed against him by Plaintiff.

45. Plaintiff complained numerous times about defendant R.Lee poisoning his food.

46. Plaintiff had to go as for as filing a felony complaint regarding c.o's poisoning his food for the violation to stop.

47. The acts and omissions of defendant R.Lee caused Plaintiff serious psychological pain and suffering.

## SIXTH CAUSE OF ACTION

48. The acts and omissions of defendant R.Lee as set forth in paragraphs 40-47 herein operated to violate Plaintiff's rights to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution.

## SEVENTH CAUSE OF ACTION

49. The acts and omissions of defendant R.Lee were in violation of

the laws of New York State prohibiting assault of another person by administering substance without consent, pursuant to Penal Law §120.05(5).

### FOURTH COUNT

50. Defendant S.Hurteau on 23rd day of July and 4th day of September of 2002 intentionally, knowingly, and deliberately gave Plaintiff food trays in which unknown drugs were mixed into the food.

51. Each time Plaintiff ate the food defendant S.Hurteau gave him the drugs made him dizzy, lightheaded, disorientated, sleepy and rendered unconscious.

52. At no time did Plaintiff consent to have drugs planted in his food by defendant S.Hurteau, or anyone else.

53. At no time did a doctor authorize drugs to be put in Plaintiff's food by defendant S.Hurteau, or anyone else.

54. Defendant S.Hurteau knowingly, intentionally, and deliberately poisoned PLaintiff with unknown drugs in retaliation to grievances and complaints that was filed against him by Plaintiff.

55. PLaintiff complained numerous times about defendant S.Hurteau poisoning his food.

56. Plaintiff had to resort to filing a felony complaint regarding c.o's poisoning his food for the violation to stop.

57. The acts and omissions of defendant S.Hurteau caused Plaintiff serious psychological pain and suffering.

9

## EIGHTH CAUSE OF ACTION

58. The acts and omissions of defendant S.Hurteau as set forth in paragraph 50-57 herein operated to violate Plaintiff's rights to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S.Constitution.

## NINETH CAUSE OF ACTION

59. The acts and omissions of defendant S.Hurteau were in violation of the laws of New York State prohibiting assault of another person by administering substance without consent, pursuant to Penal Law §120.05(5).

## FIFTH COUNT

60. On April 11, 2003 defendant S.Gawlicky wrote a false misbehavior report accusing Plaintiff of threating to punch her in the face and disobeying a direct order.

61. Defendant S.Gawlicky fabricated the disciplinary charges in retaliation because Plaintiff wrote several complaints on her to the Auburn Correction Facility Superintendent dated March 31, 2003 and April 6, 2003, in violation of N.Y.Correction Law §138(5).

62. Plaintiff complained that defendant S.Gawlicky was denying him an opportunity to go to call-outs to the package room, law library, and to the yard.

63. Plaintiff was found guilty of threats and sentenced to four months punitive confinement, with loss of privileges.

64. During the hearing defendant S.Gawlickygave testimony that she feared that Plaintiff might reach through the cell bars to assault her just to have him placed behind a plexi-glass cell.

### TENTH CAUSE OF ACTION

65. The acts and omissions of defendant S.Gawlicky as set forth in paragraphs 60-64 herein operated to violate Plaintiff's rights to be free from cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the U.S.Constitution.

### ELEVENTH CAUSE OF ACTION

66. Defendant S.Gawlicky retaliatory action of fabricating a misbehavior report deprived Plaintiff of liberty without procedual and substantive due process of law in violation of the Fifth and Fourteenth Amendments to the U.S.Constitution.

### TWELFTH CAUSE OF ACTION

67. Defendant S.Gawlicky false testimony specifically cause Plaintiff to be placed behind a plexi-glass cell in violation of Sixth and Fourteenth Amendments to the U.S.Constitution.

### SIXTH COUNT

68. On July 21, 2003 when Plaintiff was being transferred out of Upstate Correction Facility defendant LaFrance tried to force him to be chained to a person that was clearly a transexual/homosexual.

69. Due to Plaintiff's religious belief he refused to be chained with the transexual/homosexual.

70. Plaintiff told defendant LaFrance numerous times that his religious belief forbid him from linking with and to have contact with transexual/homosexuals.

71. Leviticus 18:22 thru verse 26 of the Holy Bible prescribes Plaintiff's beliefs.

72. The transfer from Upstate Correction Facility is by bus that take approximately six hours to complete, which mean Plaintiff would have been seated next to the transexual/homosexual person for six unconfortable hours.

73. Because of Plaintiff religious stand he was placed back in punitive confinement, and written a bogus misbehavior report by defendant M.Foster.

74. Defendant M.Foster fabricated misbehavior report stated that plaintiff disobeyed a direct order, verbal harassment, and staff direction for movement.

75. Plaintiff was found guilty at the disciplinary hearing and sentenced to four months punitive confinement with loss of privileges, and two months recommended loss of good time.

76. The disciplinary hearing and the finding of guilt was dismissed on administration appeal on September 29, 2003 after PLaintiff completed the hearing disposition.

### THIRTEENTH CAUSE OF ACTION

77. The conduct of omissions of defendant LaFrance as set forth in paragraphs 68-76 herein operated to violate Plaintiff's to his freedom of religion, and cruel and unusual punishment in violation of the

First and Fourteenth Amendments to the U.S.Constitution.

### FOURTEENTH CAUSE OF ACTION

78. The acts and omissions of defendant M.Foster as set forth in paragraphs 68-76 herein operated to violate Plaintiff's to his freedom of religion, liberty without due process, and cruel and unusual punishment in violation of the First, Eighth and Fourteenth Amendments to the U.S.Constitution.

### SEVENTH COUNT

79. On August 5, 2003 defendant D.Abair during the 3-11 p.m. shift marked off the Alternative/Religious sign on the cell door, which indicates that Plaintiff get religious meals.

80. Defendant D.Abair refused to give Plaintiff the religious meals he was entitled.

81. Because of religious reasons Plaintiff don't eat red meat, so he had to go hungry when red meat was served.

82. Defendant D.Abair action denied Plaintiff his religious meal from August 5, 2003 until August 11, 2003.

83. Plaintiff was being denied his religious meals because he stood up for his religious belief.

### FIFTEENTH CAUSE OF ACTION

84. The acts and omissions of defendant D.Abair as set forth in paragraphs 79-83 herein operated to violate Plaintiff's to his freedom of

religion, due process and cruel and unusual punishment in violation of the First, Eighth and Fourteenth Amendments to the U.S.Constitution.

### EIGHTH COUNT

85. On August 13, 2003 defendant S.Salls came to the cell Plaintiff was locked in and ordered defendant J.Bouyea to change the Alternative/Religious meal tag on the cell door.

86. Defendant J.Bouyea was the steady officer on the gallery since Plaintiff arrived in Upstate Correction Facility on May 2, 2003 so he knew Plaintiff ate only the religious meals, and was get only the religious meals.

87. Defendant J.Bouyea continuously denied Plaintiff his religious meals until he was moved off that gallery on August 20, 2003.

88. Plaintiff had to go hungry from August 13, 2003 to September 1, 2003 whenever red meat was on the menu because of defendants S.Salls and J.Bouyea actions.
89. Plaintiff was denied his religious meals because he stood up for his religious belief.

### SIXTEENTH CAUSE OF ACTION

90. The acts and omissions of defendants S.Salls as set forth in paragraphs 85-89 herein operated to violate Plaintiff's right to freedom of religion, due process, and cruel and unusual punishment in violation of the First, Eight and Fourteenth Amendments to the U.S.Constitution.

14

## SEVENTEENTH CAUSE OF ACTION

91. The acts and omissions of defendant J.Bouyea as set forth in paragraphs 85-89 herein operated to violate Plaintiff's rights to freedom of religion, due process, and cruel and unusual punishment in violation of the First, Eighth, and Fourteenth Amendments to the U.S.Constitution.

**WHEREFORE**, Plaintiff prays this Court issue judgment in his favor for the following relief:

   i. Issue a declaratory judgment, declaring that the defendants violated Plaintiff's Federal Constitutional and State statutory rights when they:

   a. deprived Plaintiff of his rights to call witness, at his Superintendent disciplinary proceeding;

   b. deprived Plaintiff of his rights to prepare a defense thereto by denying him documents;

   c. deprived Plaintiff a fair and impartial hearing by refusing to follow the procedures prescribed by Title 7 NYCRR Chapter V, subchapter A and B;

   d. deprived Plaintiff of forms explaining the refusal of witnesses, refusal to testify;

   e. deprived Plaintiff to an unbiase hearing officer to determine the charges;

   f. became aware of the violations and failed to properly manage subordinate officials, or take other remedial action to prevent or mitigate the defendants' wrongful conduct;

   g. engaged in a scheme or pretextual conduct to cover up their unlawful behavior;

   h. poisoned Plaintiff food with unknown drugs without

15

his consent;

      i. poisoned Plaintiff food with unknown drugs without a doctor's consent;

      j. wrote a bogus misbehavior report accusing Plaintiff of threats and disobeying direct order in retaliation to complaints;

      k. suborn perjured testimony just to have Plaintiff placed behind a plexi-glass cell;

      l. deprived Plaintiff of his right to freedom of religion;

      m. fabricated misbehavior report, and;

      n. denied Plaintiff his religious meals;

    ii. Declaring that Plaintiff is entitled to reasonable attorney fees, and the costs associated with prosecuting this action.

    iii. Granting Plaintiff compensatory damages against each defendant in the amount of three million dollars($3,000,000).

    iv. Granting Plaintiff punitive damages against each defendant in the amount of nine million dollars($9,000,000).

**WHEREFORE**, Plaintiff pray for such futher and other relief as this Court may seem just, proper and equitable.

Date: April 22, 2004

The undersigned has read the foregoing civil rights Complaint. The allegations hereof are true to the best of deponent's own knowledge.

Respectfully submitted,

D. [signature]

Sworn to before me this
18th day of May 2004

Detroy Livingston, pro se
Elmira Correction Facility

*Linda Dugan*
NOTARY

LINDA DUGAN
NOTARY PUBLIC, STATE OF NEW YORK
CHEMUNG CO NO 01DU6077952
COMMISSION EXPIRES JULY 22, 06

16