UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DETROY LIVINGSTON,<br><br>     Plaintiff,<br><br>     vs.<br><br>P. GRIFFIN, Correction Captain, State of New York Correctional Services (DOCS); DONALD SELSKY, Director of Special Housing for DOCS; R. LEE, Correction Officer (C.O.); S. HURTEAU, C.O.; S. GAWLICKY C.O.; LEFRANCE, Sergeant of DOCS; M. FOSTER, C.O.; D. ABAIR, C.O.; S. SALLS, Sergeant of DOCS; J. BOUYEA, C.O.,<br><br>     Defendants. | No. 9:04-cv-00607-JKS<br><br>MEMORANDUM DECISION<br>[Re: Motion at Docket No. 73] |

  At Docket No. 73 Defendants R. Lee and S. Hurteau have moved for judgment on the pleadings as to the state (New York) law claims as set forth in the Seventh and Ninth Causes of Action. At Docket No. 74 Plaintiff has opposed the motion and at Docket No. 75 Defendants replied. Neither party has requested oral argument and, upon review of the moving and opposing papers, the Court has determined that oral argument would not materially assist in deciding the motion.

  Livingston's Sixth and Eighth Causes of Action allege that Lee and Hurteau, respectively, inflicted cruel and unusual punishment on him in violation of the Eighth and Fourteenth Amendments by knowingly, intentionally, and deliberately feeding him foods mixed with unknown drugs. His Seventh and Ninth Causes of Action allege that in feeding him the food adulterated with drugs, Lee and Hurteau, respectively, violated New York law. N.Y. PEN. LAW § 120.05(5) (assault in the second degree giving rise to a civil battery cause of action).

  "In deciding a Rule 12(c) motion, [the court applies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and

drawing all reasonable inferences in favor of the nonmoving party." *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85 (2d Cir.2006) (internal quotation marks and citations omitted). Accordingly, for the purposes of ruling on this motion, the Court treats as true that defendants Lee and Hurteau intentionally, knowingly, and deliberately delivered food to Plaintiff that was mixed with unknown drugs.

The issue presented to the Court is whether, under the facts as pleaded, N.Y. CORR. LAW § 24 confers on Lee and Hurteau absolute immunity to suit. That section provides:

> (1) No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> (2) Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state.

Lee and Hurteau argue that the acts alleged, *i.e.*, knowingly, intentionally, and deliberately serving food adulterated with drugs, were within the scope of employment and discharge of their duties and, thus, they are entitled to immunity from suit in this Court under § 24. Plaintiff on the other hand argues that the acts of Lee and Hurteau, consisting of intentional torts, are not within the scope of their employment; therefore, they do not fall within the scope of § 24. Neither party has cited a case directly on point and independent research by this Court has failed to reveal any such case.

The Court starts with the basic rule that in exercising its pendent jurisdiction, this Court is bound to apply state substantive law to the claim. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966). This includes any state law restrictions on whether the action may be brought. Thus, if state law does not recognize a plaintiff's right to bring an action in state court, a federal court exercising pendent jurisdiction, sitting as a state court, must follow the state law limitation on jurisdiction. *Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir.1996).

While the immunity conferred on correctional officers by § 24 is broad, it is not absolute, *i.e.*, the claim must fall within the scope of that section. *Ierardi v. Sisco*., 119 F.3d 183, 187 (2d

Cir.1997). As the Appellate Division of the Third Department explained in *Woodward v. State*, 805 N.Y.S.2d 670, 673 (N.Y. App. Div.2005), *lv. dism'd*, 845 N.E.2d 1276 (N.Y.2006):

> As to the proper application of Correction Law § 24 , we first note that the statute places actions for money damages against DOCS employees within the jurisdiction of the Court of Claims only where the conduct alleged is within the scope of the officer's employment and in the discharge of his or her official duties. The conditioning of the statute's effect upon these criteria reflects the common-law principle that the State is the real party in interest where an action against a State officer is for conduct undertaken in an official capacity and in the exercise of an official governmental function. When these criteria are met, section 24 appropriately deems the State to be the real party in interest and the action to be within the exclusive jurisdiction of the Court of Claims. If, however, the DOCS officer's conduct is a breach of an individual duty and not in the exercise of an official governmental function, then the State is not the real party in interest and section 24 is not applicable

New York courts have held that § 24(1) is inapplicable where the act is committed solely for personal reasons unrelated to the employer's interests. *See, e.g., Waxter v. State*, 826 N.Y.S.2d 753, 754 (N.Y. App. Div.2006) (sexual assault); *cf. Gore v. Kuhlman*, 630 N.Y.S.2d 141 (N.Y. App. Div.1995) (recognizing the rule but holding it inapplicable to the facts of that case). *Cepeda v. Counghlin*, 513 N.Y.S.2d 528 (N.Y. App. Div.1987), cited by Lee and Hurteau, differs materially from this case. In *Cepeda* the court held that force by correction officers in returning inmates to their cells during a disturbance, where force resorted to was occasioned by violent acts of inmates themselves and was in accordance with normal and regular duty of officers in returning inmate to their cells when confronted with violent refusals to comply was within the scope of employment. Defendants' reliance on *Arteaga v. State*, 527 N.E.2d 1194 (N.Y.1988) is also misplaced. Contrary to Defendants' assertions, *Arteaga* does not stand for the proposition that § 24 bars *all* claims against individual DOCS officials brought by inmates. In the same *dictum* cited by Defendants, the New York Court of Appeals recognized that actions of correction personnel in physically abusing inmates or in confining them without a hearing or other required due process safeguard would not receive immunity. 527 N.Y.S.2d at 1199.

The Court finds the reasoning and holding of the Second Circuit in *Ierardi* controlling. The Second Circuit analyzed *Arteaga* and *Riviello v. Caldron*, 391 N.E.2d 1278 (N.Y.1979), the principle case cited in *Artegea* and routinely relied on by New York State courts in determining

the parameters of the protection offered by § 24.  The Second Circuit in *Ierardi*, quoting *Riviello*, 391 N.E.2d at 1291, set forth the following to be considered in making the determination whether the acts fell within the scope of § 24, 119 F.3d at 187.

> Among the factors to be weighed are: the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

While the Court agrees with Defendants that the service of food itself would clearly fall within the parameters of § 24, that is not the true issue.  The true issue is whether the knowing, deliberate and intentional service of food adulterated with drugs falls within the parameters of § 24.  The Court thinks not.  This not a case of negligence, which would fall within the scope of § 24, but a case in which it is alleged the acts were done knowingly, deliberately and intentionally.  To echo the Second Circuit, "it may not be legitimately urged that what [Lee and Hurteau are] said to have done is 'commonly done' by correction officers, or is other than a marked departure 'from the normal methods of performance' utilized by such employees in discharging their duties."  119 F.3d at 188 (quoting from *Riviello*).  Consequently, the Court can not hold, as a matter of law, that on the facts as pleaded, Defendants Lee and Hurteau are immune under N.Y. CORR. LAW § 24.

Accordingly, Defendants' motion for judgment on the pleadings at Docket No. 73 is **DENIED**.

Dated: August 22, 2007.

s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge