IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

DETROY LIVINGSTON,

                    Plaintiff,

     vs.

R. LEE, Correction Officer (C.O.); S.
HURTEAU, C.O.; D. ABAIR, C.O.; S.
SALLS, Sergeant of DOCS; J. BOUYEA,
C.O.,

                  Defendants.

Case No. 9:04-cv-00607-JKS

ORDER *IN LIMINE*

The parties have presented to the Court several issues concerning the admissibility of certain evidence in this case. Those issues include: (1) introduction of Plaintiff's criminal and prison disciplinary history; (2) structure and purpose of the Upstate Correctional Facility; and (3) food service and religious designation policies and operating procedures implementing them.

Plaintiff objects to the introduction of Plaintiff's criminal and disciplinary history. As discussed in the Court's Order Re: Exhibits, filed October 17, 2007, at Docket No. 117, the admissibility of this evidence in the context of the issues to be tried in this case is questionable under Federal Rule of Evidence 404, interpreted in light of Federal Rule of Evidence 403, on the theory that the probative value of his conviction is outweighed by the prejudice that his crimes and prison disciplinary record would present to the jury's evaluation of other issues in the case.

Plaintiff is a state prisoner claiming First and Eighth Amendment violations. The issues of this case are twofold, whether Plaintiff was: (1) poisoned by defendants Lee and Hurteau and (2) denied his religious meals by defendants Abair, Salls, and Bouyea. His testimony, as well as that of two of his inmate witnesses, is crucial to his case. By the same token, their credibility is central

to Plaintiff's hopes for a verdict.  To the extent the convictions involved crimes of dishonesty, they are admissible under Rule 609(a)(2), subject to its obligation to look beyond the elements of the offense to determine whether the conviction rested upon facts establishing dishonesty or false statement.  *United States v. Estrada*, 430 F.3d 606, 614 (2d Cir. 2005).

As discussed in the Court's October 17 Order, the Court will apply the factors in *Tabron v. Lt. Grace, et al.*, 898 F.Supp. 293, 295 (M.D. Pa. 1995) to those criminal acts that fall within the ambit of Rule 602(a)(1).  In *Tabron* the court concluded:

> In civil cases, courts rely on a number of factors in deciding whether to admit evidence under Rule 609(a)(1). *See* 1 MCCORMICK ON EVIDENCE, § 42 at 144-45 n. 9 (4th ed. 1992).  These include the nature of the convictions, the time that has elapsed since conviction, the importance of credibility to the underlying claim, and the potential for prejudice from admitting the convictions.  The first three factors illuminate the inquiry into the probative value of the convictions.  Once the probative value has been determined, it must be weighed against the fourth factor, the potential that the convictions will prejudice the jury against the Plaintiff.  In short, these factors serve the balancing test required by Rule 403. (footnote omitted)

Plaintiff was convicted of Second Degree murder in 1986 for a murder that took place in 1982.  This conviction is more than 20 years in the past.  Although murder is certainly a heinous crime of violence, its probative value on credibility ranks low on the scale.  *See Estrada*, 430 F.3d at 618.  On the other hand, the fact that Plaintiff is a convicted murderer creates a serious risk of prejudicing Plaintiff in the eyes of a lay jury.  On balance, the Court concludes that the potential prejudicial effect of Plaintiff's crime outweighs any probative value it may have as to Plaintiff's credibility.  Accordingly, the jury will be advised of the fact that Plaintiff is a convicted felon currently in the custody of the New York Department of Correctional Services.  Evidence of the particular crime for which he was convicted or his sentence will not be admitted.

Disciplinary records present somewhat different issues.  Disciplinary records, although hearsay, are more likely than not admissible under the business record exception.  Fed. R. Evid. 803(6).  However, even if admissible under a hearsay exception, the disciplinary records must still be relevant under Federal Rule of Evidence 401 and, to the extent it is relevant, still may be excluded under the balancing test of Federal Rule of Evidence 403.[1]  The relevance of his disciplinary record to the issues to be tried is tangential at best, and its potential prejudicial effect outweighs any probative value it may have.  Accordingly, evidence of the disciplinary record of Plaintiff will not be admitted.

The extent to which the structure, nature and purpose of the Upstate Correctional Facility and the policies and procedures governing the housing of inmates requires a somewhat delicate balancing of probative value versus potential prejudicial effect under Rule 403.

Evidence of the policy, procedures and practices related to food preparation, handling, and delivery to inmates and religious designations/meals, and where in that chain Defendants fit, is certainly relevant to the matters at issue.  To some extent the nature, structure, and purpose of Upstate may be relevant to those issues.  On the other hand, the reasons for inmates being assigned to Upstate, namely misbehavior at other facilities, bears little, if any, relevance to either the issues to be tried or the credibility of the witnesses.  Such evidence, which has a substantial tendency to cast the witnesses as "misfits" in the eyes of a lay jury, creates a serious potentially prejudicial effect that greatly outweighs any probative value it may have.  Accordingly, evidence of the policy, practices, and procedures related to food preparation, handling, and delivery, as well as the role or

---

[1] Admissibility would clearly run afoul of Federal Rule of Evidence 404 to the extent it is offered to show character.

function that the Defendants have in that process, is admissible. Evidence of the policy, practice and procedures related to religious meals, as well as the designation of religious preference, is also admissible. In addition, evidence of the familiarity of Plaintiff with those policies is admissible. Evidence of the reasons for the inmates being housed at Upstate, or its role as a place for housing difficult inmates or those prone to misbehave, is inadmissible.

The Court recognizes that there is a fine line between the evidence that is admissible and that which is not—a line that is not always clearly demarcated. Counsel for Defendants must carefully instruct his witnesses to frame their responses to questions to avoid testimony that casts aspersions upon, or otherwise impugns, the character of the inmate witnesses, including Plaintiff. To the extent that counsel for Defendants intends to introduce evidence of the general nature, structure, or purpose of Upstate, that evidence must be proffered outside the presence of the jury and its relevance ruled upon by the Court before it is presented to the jury, including any mention of it in *voir dire* or opening statements.[2]

IT IS SO ORDERED.

DATED: October 26, 2007.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Court Judge

---

[2] It is the understanding of the Court that at issue is that the acts of the Defendants did not comply with the policies, practices, and procedures of Upstate, not that those policies, practices or procedures impinged upon his rights. Should Plaintiff attack these practices, policies, and procedures, whether directly or indirectly, then evidence of the overall nature, structure and purpose of Upstate may become relevant as evidence of a legitimate penological basis for the policy, practice and procedure and, therefore, admissible.