UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DETROY LIVINGSTON,<br><br>            Plaintiff,<br><br>vs.<br><br>R. LEE, Correction Officer (C.O.); S. HURTEAU, C.O.; D. ABAIR, C.O.; S. SALLS, Sergeant of DOCS; and J. BOUYEA, C.O.,<br><br>            Defendants. | No. 9:04-cv-00607-JKS<br><br>ORDER RE: ATTORNEY'S FEES |

At Docket No. 137 plaintiff Detroy Livingston has moved for an award of attorney's fees in the amount of $39,190.50 as against defendants D. Abair and S. Salls. Defendants Abair and Salls oppose the motion at Docket No. 138, to which plaintiff replied at Docket No. 140. The Court having reviewed the moving papers and opposition has determined that oral argument would not assist in determining the motion and the matter is submitted on the moving papers and opposition.

Plaintiff, a prisoner incarcerated by the State of New York, brought this action against the defendants under 42 U.S.C. § 1983 alleging that defendants R. Lee and S. Hurteau knowingly, intentionally, and deliberately served him food trays laced with unknown drugs; and that defendants D. Abair, S. Salls, and J. Bouyea deprived him of his rights under the First Amendment to the Constitution when they denied him religious meals.

On November 1, 2007, the jury returned a verdict in favor of Plaintiff against defendants Abair and Salls for compensatory damages in the amount of $3,000.00 and for punitive damages against defendant Abair in the amount of $1,500.00 and defendant Salls in the amount of $500.00; a verdict was entered in favor of defendants R. Lee, S. Hurteau, and J. Bouyea (Docket No. 132). Judgment was entered on the verdict on November 5, 2007 (Docket No. 135).

The Court may, as a part of costs, award the prevailing party a reasonable attorney's fee in an action brought under 42 U.S.C. § 1983.  42 U.S.C. § 1988(b).  The award of fees in this case is directly governed by 42 U.S.C. § 1997(e), which provides in relevant part:

(d) Attorney's fees

    (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

        (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

        (B)

            (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

            (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

    (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant.  If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

    (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18 for payment of court-appointed counsel.

    (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

Section 1997e(d) places a cap on attorney's fees of 150 per cent of the amount of damages awarded.  *Torres v. Walker*, 356 F.3d 238, 242 (2d Cir. 2004); *see also Boivin v. Black*, 225 F.3d 36, 40–41 (1st Cir. 2000); *Walker v. Bain*, 257 F.3d 660, 667 (6th Cir. 2001); *Pearson v. Wellborn*, 471 F.3d 732, 742 (7th Cir. 2006); *Foulk v. Charrier*, 262 F.3d 687, 703–04 (8th Cir. 2001); *Robbins v. Chronister*, 435 F.3d 1238, 1240 (10th Cir. 2006).  Thus, in this case, the maximum fees that may be awarded may not exceed $7,500.00 ($5,000.00 x 1.5).

The award of fees is further limited by the fees directly and reasonably incurred in proving an actual violation of the plaintiff's rights computed on a hourly rate not to exceed 150 percent of the rate paid to appointed counsel in criminal cases and must be proportional to the amount of damages awarded. Defendants have objected to the fees claimed on the grounds that (1) much of the time was expended with respect to those claims that were decided in favor of the other defendants, (2) the rate claimed exceeds the rate permitted under 18 U.S.C. § 3006A, and the claim is disproportionate to the amount of court ordered relief. While all three objections are well taken, the Court need not address them because a quick perusal of the fee application indicates that the amount of the fees claimed that fall within the limitations, other than the 150 percent cap of § 1997e(d)(2), exceeds the $7,500.00 cap.

However, the Court's inquiry does not end there. Section 1997e(d)(2) also requires the Court to allocate a part of the judgment, not to exceed 25 percent, to the attorney's fees awarded. Although the allocation is mandatory, the percentage to be allocated to attorney's fees is within the discretion of the court. *See Lawrence v. Bowersox*, 297 F.3d 727, 735 (8th Cir. 2002); *Siggers-El v. Barlow*, 433 F.Supp.2d 811, 822 (E.D. Mich. 2006); *Farella v. Hockaday*, 304 F.Supp.2d 1076, 1081 (C.D. Ill. 2004); *Jackson v. Austin*, 267 F.Supp.2d 1059, 1071 (D. Kan. 2003). In this case, there were two elements of damages awarded: $3,000.00 in compensatory damages and $2,000.00 in punitive damages, a total of $5,000.00. Thus, the maximum amount of the attorney's fee award that may be allocated from the judgment is $1,250.00 ($5,000.00 x 0.25).

First, the Court notes that the purpose of a punitive damage award is to punish the defendant and deter him and others from similar conduct in the future, not to reward the plaintiff. *Patterson v. Balsamico*, 440 F.3d 104, 121 (2d Cir. 2006). It would be somewhat incongruous for a court to effectively reduce the punitive effect of punitive damages by reducing the amount the wrongdoer otherwise has to pay by offsetting a portion of the punitive damages award against the attorney's fees to be paid by the defendant. On the other hand, the clear purpose of § 1997e(d)(2), added by the Prisoner Litigation Reform Act, P.L. No. 104-234, making the allocation from the amount awarded the prisoner mandatory, is to compel the prisoner to bear some of the burden of the cost of litigation. Balancing these countervailing policy

considerations, the Court finds that an allocation under § 1997e(d)(2) of 25 percent of the compensatory damages awarded, $750.00 ($3,000.00 x 0.25), is appropriate.

Plaintiff's motion for award of attorney's fees is GRANTED.

IT IS ORDERED THAT:

1. Cooper Erving & Savage, LLP, is awarded attorney's fees in the total amount of $7,500.00; and

2. The fee award is allocated as follows,

    (a) $750.00 to be paid from the judgment awarded to plaintiff Detroy Livingston, and

    (b) $6,750.00 to be paid by defendants D. Abair and S. Salls, jointly and severally.

IT IS FURTHER ORDERED THAT all other costs are to be taxed against defendants D. Abair and S. Salls, jointly and severally, in accordance with Local Rule 54.1.

The Clerk of the Court shall enter judgment accordingly.

Dated: December 17, 2007.

                                                s/ James K. Singleton, Jr.
                                                JAMES K. SINGLETON, JR.
                                                United States District Judge